## Burns Estate

*Joseph P. Gaffney*, for accountant.
*Paul C. Van Dyke*, for petitioner.

BOLGER, J., May 10, 1955.—John H. Burns was born August 19, 1943. He presently resides with his mother, Elva A. Toedter at 1590 Market Street, Linwood, Pa.

On January 3, 1949, the Orphan's Court of Delaware County appointed Charles A. Limburg guardian of his estate. Thereafter, i.e., on February 8, 1950, the minor was admitted to Girard College where he con-

tinued to be a student until July 17, 1953, when he was dismissed from the college because of his inability to make sufficient progress scholastically. The indenture which had been executed upon his admission was canceled.

Upon his entry to Girard College by virtue of the Act of February 27, 1847, P. L. 178, 53 PS §6796, the City of Philadelphia, acting by the Board of Directors of City Trusts, became guardian of his estate. The guardian has filed a first account which was called for audit on April 7, 1955, at which time the First National Bank of Delaware County, substituted guardian, appeared and requested an award of the entire balance of principal and income. In support of its claim the Delaware County guardian refers to the will of Stephen Girard wherein testator provided:

"XXI . . . 8. Should it unfortunately happen that any of the orphans admitted into the college shall from mal-conduct have become unfit companions for the rest, and mild means of reformation prove abortive, they should no longer remain therein."

And the enabling act, supra, which provides in part in section 1:

". . . which . . . indenture . . . shall, nevertheless, expire at furthest before the said orphan shall attain the age of eighteen years, or at the pleasure of the said trustees at any time after he shall have arrived at between the ages of fourteen and eighteen years, or at any other time before his attaining the said age of fourteen years, when the said orphan shall, by mal-conduct, cease to merit the benefits of the said college; . . ."

Section 3 of the same act directs that the corporation of the mayor, aldermen and citizens of Philadelphia, shall be the guardian of the estate of every such orphan child so long as he remains in the college and directs "and it shall be the duty of the said corporation, to

take care of the same as guardians, and to make the same productive as far as reasonably can be, and to deliver and pay over the same, with the increase, to the said orphan, on his attaining the age of twenty-one years, or to his legal representatives if he shall die before attaining that age."

The minor had not attained age 14 at the time of his separation from the college.

The scheme of testator is clear in that he proposed to provide such an education as would enable the orphans to become self-supporting members of the community and in the meanwhile to provide a true guardian for such estates as the minors might acquire during the time they remain in the college so that upon their attaining age 21, the estates could be turned over to the late minors intact.

The will also contemplated that there would be boys such as John H. Burns, Jr., who would not respond to the opportunities offered by the college and who would be separated from it by reason of their own malconduct.

Such a boy was thereupon to be completely separated from the institution and to continue the guardianship of the City of Philadelphia over the estate of such a boy could serve no useful purpose and it would be contrary to the expressed intent and purpose of the will and the Act of 1847, supra. Therefore, the prayer of the corporate guardian of Delaware County is granted in this case.

On his appearance slip counsel for accountant shows as an additional debit the difference between the credit taken for the filing of the account and the actual amount thereof, viz., $2.

There was no objection to the account which shows a balance of principal of $2,637.76 and a balance of income of $70.75 making a total balance of $2,708.51 which, composed as indicated, together with any addi-

582

tional income received since the filing of the account, is awarded to the First National Bank of Delaware ·County, substituted guardian of the estate of John H. Burns, Jr., a minor.

Leave is hereby given the accountant to make all necessary transfers and assignments.

And now, May 10, 1955, the account is confirmed nisi.